E-FILED
Thursday, 26 September, 2013  05:13:19 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JAMES PAUL MILLER | ) | |
| | ) | |
|   Plaintiff, | ) | |
| | ) | |
| v. | ) | 13-CV-3179 |
| | ) | |
| KESS ROBERSON, et al., | ) | |
| | ) | |
|   Defendants. | ) | |

**OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and incarcerated in Big Muddy Correctional Center, seeks leave to proceed in forma pauperis on claims arising from events which occurred during his incarceration in Logan and Lincoln Correctional Centers.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.  In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.  Turley v. Rednour, --- F.3d ---, 2013 WL 3336713 * 2 (7th Cir. 2103).  However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is

plausible on its face.'"  Alexander v. U.S., 2013 WL 3215667 *2 (7th

Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

Plaintiff alleges that he has psychiatric conditions which

include social phobia and an inability to go to the bathroom in front

of others.  He also allegedly has problems with hemorrhoids, an

anal fissure, and difficulty having bowel movements.  While in

Logan and Lincoln Correctional Centers, he was refused his

psychiatric medicines and the treatment he believes he needed for

his medical conditions.

Plaintiff submitted some Freedom of Information Act requests

when he was incarcerated in Lincoln Correctional Center.  Some of

the Defendants expressed their displeasure.   Allegedly as a result

of Plaintiff's FOIA requests and grievances, Plaintiff was denied a

job in the prison carpentry shop and also lost his commissary job.

When Plaintiff transferred to Lincoln Correctional Center,

Plaintiff was required to give a urine drop to check for drugs.

Plaintiff's psychiatric disability made it impossible for Plaintiff to

comply, whereupon Plaintiff received a disciplinary ticket for "drugs

and drug paraphernalia."  Plaintiff was found guilty and was
punished with a transfer and other deprivations.

## ANALYSIS

   Plaintiff states an arguable claim that he was retaliated against
for exercising his First Amendment rights to file FOIA requests and
grievances.  <u>Babcock v. White</u>, 102 F.3d 267, 276 (7th Cir.
1996)("The federal courts have long recognized a prisoner's right to
seek administrative or judicial remedy of conditions of confinement,
. . . as well as the right to be free from retaliation for exercising this
right.")(citations omitted).  The retaliatory acts allegedly were
shutting Plaintiff out of prison jobs and, possibly, refusing to
accommodate Plaintiff's disability regarding the urine test, which
resulted in Plaintiff's transfer and punishment.

   An arguable claim is also stated under the Americans Disabilities
Act and/or the Rehabilitation Act regarding the failure to
accommodate Plaintiff's inability to urinate in public and his social
phobia (need for a single cell).  *See* <u>Jaros v. IDOC</u>, 684 F.3d 667 (7th
Cir. 2013).

   Lastly, Plaintiff also states an arguable claim for deliberate
indifference to his serious mental health and medical needs.  This

claim is somewhat unrelated to the retaliation and ADA claim, but the claim will not be severed because the evidence in all three claims will likely overlap.

Determining which of Defendants were personally responsible for these alleged violations is not possible without a more developed record. This case will therefore proceed for service against all the Defendants.

**IT IS THEREFORE ORDERED:**

1)      Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states the following claims:  1) a claim for retaliation against Plaintiff for Plaintiff's filing of FOIA requests and grievances; 2) a claim under the Americans with Disabilities Act/Rehabilitation Act for failure to accommodate Plaintiff's social phobia and inability to use the toilet in front of others; and 3) a claim for deliberate indifference to Plaintiff's serious medical and mental health needs.  This case proceeds solely on the claims identified in this paragraph.   Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2)   Plaintiff's motion for counsel is denied with leave to renew (d/e 7) after Plaintiff demonstrates that he has made reasonable attempts to find counsel on his own.  Typically, reasonable attempts include writing to several lawyers or law firms and attaching the responses.

3)   Plaintiff's motion to amend to add additional Defendants is denied (d/e 8).  This case involves Plaintiff's treatment at Logan and Lincoln Correctional Centers, not Big Muddy Correctional Center.  If Plaintiff is being subjected to constitutional violations at Big Muddy Correctional Center, the proper place for that lawsuit is in the Southern District of Illinois.

4)   Plaintiff's motion for a preliminary injunction to stop the Defendants from administering a drug test to Plaintiff is denied (d/e 10).  Plaintiff is no longer in Logan or Lincoln Correctional Center, where the Defendants are located.  Plaintiff is not in danger of being administered a drug test from these Defendants.

5)   Plaintiff's motion for a status is denied as moot (d/e 11).

**6)   If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service**

**through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

7)     With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8)     Defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

9)     Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was

mailed.  Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service shall be struck by the Court.

10)   Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel.  Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel.  The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3.  If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

11)   This cause is set for further scheduling procedures under Fed. R. Civ. P. 16 on November 26, 2013, at 1:30 p.m., or as soon as the Court can reach the case, before U. S. District Judge Sue E. Myerscough by telephone conference.  The conference will be cancelled if service has been accomplished and no pending issues need discussion.  Accordingly, no writ shall issue for Plaintiff's presence unless directed by the Court.

12)   Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

13)   Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO send to each Defendant pursuant to this District's internal procedures: 1) a Notice of Lawsuit and Request for Waiver of Service; 2) a Waiver of Service; 3) a copy of the Complaint; and 4) this order.**

ENTERED:   September 26, 2013

FOR THE COURT:

_____**s/Sue E. Myerscough**_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE